**Continuing Abatement Order filed September 21, 2017.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-16-00669-CR
NO. 14-16-00670-CR

_____

**DESHOAUN LEE GREEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause Nos. 15CR1585 and 15CR1586**

## CONTINUING ABATEMENT ORDER

The reporter's record was filed November 23, 2016. The State filed a motion July 21, 2017 requesting this court abate this case and order the trial court to settle a dispute among the parties about the accuracy of the reporter's record. This court abated this appeal on August 10, 2017 for a hearing before the trial court to determine whether the reporter's record contained inaccuracies and what, if any,

corrections were needed. *See* Tex. R. App. P. 34.6. On September 5, 2017, the State filed a motion to extend the abatement period in light of Hurricane Harvey. The motion is granted. Accordingly, we enter the following order.

Pursuant to Texas Rule of Appellate Procedure 34.6, the judge of the 56th District Court of Galveston County shall (1) conduct a hearing at which the court reporter, appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine (a) whether the reporter's record contains inaccuracies; (b) if so, what corrections need to be made to conform the record to what occurred in the trial court. If the trial judge finds that the reporter's record is accurate, the judge shall see that a record of the hearing is made, shall make findings of fact, and shall order the trial clerk to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing the findings. Those records shall be filed on or before **October 31, 2017.**

If, however, the trial court finds an inaccuracy in the reporter's record, the judge shall order the court reporter to conform the reporter's record to what occurred in the trial court and to certify and file a corrected reporter's record with the clerk of this court on or before **October 31, 2017**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not

request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

It is so ORDERED.

PER CURIAM

Panel consists of Justices Christopher, Brown, and Wise.